**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4093**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MARVIN POOLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:17-cr-00002-FL-1)

Submitted: August 14, 2018                    Decided: August 21, 2018

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Matthew Nis Leerberg, SMITH MOORE LEATHERWOOD, LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, James Marvin Poole pled guilty to three counts of distribution of heroin, 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(ii) (2012). He was sentenced to 178 months, concurrent, on each of the distribution counts, and to 84 months, consecutive, for the firearm offense. Poole appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising one issue. Poole did not file a supplemental pro se brief. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Poole opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal

2

quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

Poole's plea agreement provided in a separate paragraph:

> The Defendant agrees . . . [t]o waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

At his Rule 11 hearing, Poole informed the court that he was 33, had a GED, and was not under the influence of drugs or alcohol. Poole expressed satisfaction with the services of his attorney. He understood the rights he was waiving by pleading guilty. He also understood the charges against him and the penalties he faced. Poole stated that he had read and signed the plea agreement, which he had discussed with his attorney and understood. No one had forced or pressured him to plead guilty. The district court reviewed the plea agreement and specifically inquired about the appellate waiver. Poole admitted his guilt.

3

Based on the totality of the circumstances, we hold that the waiver was knowingly and intelligently entered. The court fully complied with the requirements of Rule 11 and questioned Poole at the Rule 11 hearing about the waiver. Additionally, Poole was familiar with the plea agreement, in which the waiver of his right to appeal both his conviction and sentence was clearly set forth in a separate paragraph. We conclude that the waiver is valid and enforceable.

B

The sole issue raised on appeal is whether Poole qualified as a career offender. This issue clearly falls within the scope of the waiver. *See Blick*, 408 F.3d at 169.

II

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we grant the motion to dismiss the appeal. This court requires that counsel inform Poole, in writing, of the right to petition the Supreme Court of the United States for further review. If Poole requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Poole. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*